HENRY H. KRYGER *vs.* RAILWAY TRACK CLEANER MANUFACTURING COMPANY.

July 7, 1891.

Action for Services—Evidence.—*Held,* that the verdict in this action was justified by the evidence.

Appeal by defendant from an order of the district court for Hennepin county, *Smith,* J., presiding, refusing a new trial after verdict of $500 for plaintiff.

*Welch, Botkin & Welch,* for appellant.

*Loran C. Stevenson* and *Rome G. Brown,* for respondent.

COLLINS, J. Action to recover for services rendered the defendant corporation by plaintiff, in the capacity of its general manager.

The plaintiff had a verdict, and the appeal, which is devoid of merit, is from an order refusing a new trial. The by-laws specified the duties of the general manager in very broad language, by stating that he "shall have general charge of the management, practically, of the affairs of the company relative to caring for the property, * * * and his management shall be general so far as the same is necessary in regard to the working and operations of the company; but the said manager shall be at all times subject to the authority and control of the board of directors," etc. This board consisted of all of the stockholders, four in number, the plaintiff being one. The testimony tended to show that, with the consent of the board, the plaintiff made two trips to an eastern city in the interests of the corporation. A part, at least, of the services rendered there by him were clearly within his duties as defined in the by-laws, and as to other services for which he claimed compensation the court charged the jury that he could not recover. It was also made to appear that, during the period of time set out in the complaint, plaintiff had made a model of the machine which the corporation was organized to manufacture, and was also at work upon improvements on the machine itself, all of which was strictly within the line of his duty. There was also testimony which tended to show that the acts and services of the plaintiff for which he demanded pay were, subsequently to their performance and rendition, ratified and adopted by the stockholders and directors. There was an abundance of testimony in support of the verdict, and, from the clear charge of the court, it is very evident that the issues were well understood and passed upon by the jurors.

Order affirmed.