WILLIAM FEARING GILL, Respondent, *v.* THE NEW YORK CAB COMPANY (Limited) Appellant.

*,Services rendered by a director, and by a salaried employee of a corporation, beyond the duties of his office — when he cannot recover compensation therefor.*

In this action, brought to recover from the defendant an alleged balance of salary claimed by the plaintiff, as its second vice-president, and also an amount claimed to be due for alleged extra services rendered by him to the defendant, it appeared that the plaintiff was elected second vice-president of the defendant at a yearly salary of $1,500, the duties of such office being defined in the by-laws of the defendant to the effect that "the second vice-president shall have full supervision and ·control of the cheap-cab service of this corporation, and shall make a weekly report to the president of all matters relating to this branch of the company's business." In connection with the defendant's business there was a livery ·department, and subsequent to the plaintiff's election as second vice-president it appeared that he rendered numerous services in connection with this department, for which the claim for services, in addition to the claim for his salary, was made by him. It further appeared that the only claim that the plaintiff had ever made to the corporation, during the time that these services were rendered, was that his salary as vice-president should be raised.

It was claimed upon the part of the defendant that the plaintiff, being a director, could not recover for services rendered to the company unless there was an actual employment to render these services and a promise to pay for them.

*Held*, that the objection was well taken; that although the services which were claimed to have been rendered by the plaintiff in this case might have been beyond those which ordinarily pertain to the duties of a director, and beyond the scope of the duties defined by the by-law as belonging to the office of second vice-president, yet, from the mere fact of the rendition of these services, no presumption to pay for them arose.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the New York Circuit, and from an order denying a motion for a new trial made upon the minutes of the ·court before which the action was tried upon exceptions taken, and also upon the ground that the verdict was contrary to the weight of ·evidence and contrary to law

*Flamen B. Candler*, for the appellant.

*Charles E. Hughes*, for the respondent.

Van Brunt, P. J.:

Two causes of action were set up in the complaint, one for $250 an unpaid balance of a sum voted to plaintiff by the defendant's board of directors, for services rendered, and the second for $3,500, as the reasonable value of services rendered to the defendant, between the 6th of September, 1883, and the 10th of January, 1886. The plaintiff was a director of the defendant, and during the last mentioned period was the secretary and executive officer of the defendant's executive committee, and, also, vice-president of the company. As to the first cause of action, the question seems to have been one for the jury, upon a conflict of evidence, and we cannot disturb the result arrived at by the jury. As to the recovery upon the second cause of action, greater difficulties are presented by the record. The company was organized in July, 1883, and in September, 1883, the plaintiff was elected secretary of the executive committee. In April, 1884, the defendants' by laws, were amended, and the office of second vice-president was created with a yearly salary of $1,500. The duties of the new office were prescribed by article 7 of the by-laws, which is as follows: "The second vice-president shall have full supervision and control of the cheap cab service of this corporation, and shall make a weekly report to the president of all matters relating to this branch of the company's business."

In connection with the defendant's business, there was also a livery department, and, subsequent to his election as second vice-president, the plaintiff rendered numerous services in connection with this department, and it is for the services thus rendered that a recovery has been had in this action. It is claimed, upon the part of the defendant, that the plaintiff, being a director, cannot recover for services rendered to the company unless there was an actual employment to render those services and a promise to pay; that in the case of a director or officer of a corporation no implied promise results from the mere fact of accepting the services; and that a director stands in an entirely different relation from a stranger to the corporation, in that he owes services to the corporation, and in the rendition of those services he is presumed to act as director, rather than as employee, and unless there is some express under-standing to the contrary, no recovery can be had by him against the

·corporation. The foregoing contention seems to be expressly recog-
nized in the case of *Smith* v. *Long Island Railroad Company*
·(102 N. Y., 190), where great stress is laid upon the fact that the
party claiming was neither a stockholder nor a director, and that he
had simply been elected as secretary of the corporation, and that,
.although there was no express agreement for compensation, he stood
in no different position from an employee of any other character
who has rendered services at the request of the corporation.

Upon the contrary, the plaintiff claims that a promise to pay
arose from the fact of employment, and that if a director does
things which are not directly within his duties, as director, a
promise to pay naturally arises the same as it would with a person
who was not connected officially with the corporation; and, further;
that in this case there is some evidence from which a promise to
pay and an expectation to pay may be inferred. Various authorities
are cited upon the part of the plaintiff tending to show that direct-
·ors may recover from a corporation, and our attention is called to
evidence from which it is sought to be inferred that the corporation
promised to pay the plaintiffs for these services.

An examination of this evidence, however, fails to show that
there was any understanding or idea, upon the part of the directors
·of this corporation, certainly as a body, that the plaintiff was to
receive any compensation for his services except his salary as vice-
president. The evidence, upon the part of the plaintiff himself,
tends to confirm this view in that the only claim that he ever made
to the corporation during the time that these services were rendered,
was that his salary as vice-president should be raised. If his present
claim is correct, then, even if his salary as vice-president had been
raised and he had performed services outside of the duties belong-
ing to the office of vice-president, his right of action to recover
therefor, would have been precisely the same as it is now, his salary
not having been raised. The necessary conclusion to be drawn from
this circumstance is that he considered that the compensation for
those services which he was rendering to the company was to be
paid for by the salary which he drew as vice-president.

As to the authorities which have been cited in support of the
plaintiff's claim, it is sufficient to say that in each one of these cases
the prominent features which were made to appear were that the

services by the director were out of the course of his ordinary duties, and that there was an expectation upon the part of the corporation to pay for the same.

In the case of *Jackson* v. *New York Central Railroad* (2 T. & C., 653) the recognition of the claim of the director was expressly found as the basis of the recovery, and to support the finding that there was an expectation to pay. There had been in that case a partial payment for the identical services sued for, which was proof that there was an expectation to pay and an actual employment.

Although the services which were claimed to have been rendered by the plaintiff in this case may have been beyond that which ordinarily belonged to the office of director, and beyond the scope of the duties defined by the by-laws as belonging to the office of second vice-president, yet, from the mere fact of the rendition of those services, no presumption of a promise to pay can arise.

There is another question which makes it necessary to reverse the judgment in this case, and that is, there is no proof whatever of the value of the services which the plaintiff rendered to the defendant, for which he seeks to recover. The only proof is as to what he earned prior to the organization of this company. That was entirely immaterial upon the question of the value of these particular services, and without some evidence of such value, the court was bound to grant the request of the defendant to charge the jury that he was only entitled to recover nominal damages. (*Leeds* v. *Metrop. Gas-Light Co.*, 90 N. Y. 26; *Stall* v. *Grand St. Ry. Co.*, 107 id., 625.)

The judgment should be reversed and a new trial ordered, with costs to appellant to abide event.

DANIELS and BARTLETT, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.