FELTON, RESPONDENT, *v.* WEST IRON MOUNTAIN MINING COMPANY, APPELLANT.

[Submitted April 11, 1895. Decided April 22, 1895.]

CONTRACTS—*Corporations—Liability to officers for services.*—The fact that plaintiff, the secretary and a trustee of a corporation, had never been appointed superintendent and his compensation fixed as required by the by-laws, will not prevent his recovering upon an implied contract for services rendered the corporation which were clearly outside of his ordinary duties and were performed under circumstances clearly raising the presumption that he and the corporate officers understood that they were to be paid for.

APPEAL—*Conflict in evidence.*—Where there is a conflict in the evidence it is the province of the jury to settle the conflict and their determination will not be disturbed on appeal where there is evidence to support it.

*Appeal from Fourth Judicial District, Missoula County.*

ACTION to recover for services rendered. The case was

tried before C. M. CRUTCHFIELD, Esq., judge *pro tem*, sitting in place of WOODY, J. Plaintiff had judgment below. Affirmed.

*Harry D. Moore* and *M. L. Crouch*, for Appellant.

A director is not entitled, in the absence of agreement, to any compensation for services rendered outside his duties as a director. (*Pew* v. *Gloucester National Bank*, 130 Mass. 391; *Eakins* v. *American White Bronze Co.*, 75 Mich. 568, 42 N. W. 98; *Gill* v. *New York Cab Co.*, 48 Hun 524, 1 N. Y. S., 202; *Levisee* v. *Shreveport City Railway Co.*, 27 La. An., 641.) And when he performs them without some agreement or provision for compensation the presumption, in view of his relation and interest, may properly arise that he performs the service gratuitously. (*Mather* v. *Eureka Mower Co.*, 118 N. Y. 631, citing *Loan Association* v. *Stonemetz*, 29 Penn. St. 524; *Smith* v. *Putnam*, 61 N. H. 632; *Gill* v. *New York Cab Co.*, 48 Hun 524.) The plaintiff must show, before he can recover, that he was an officer *de jure* of defendant company. It is not sufficient to show that he was an officer *de facto*. (*Waterman* v. *C. & I. R. R. Co.*, 34 Ill. 268.) The individual members of a corporation cannot, unless authorized, bind the body by express promises. (*Soper* v. *Buffalo & New York R. R. Co.*, 19 Barb. 310; *Ruby* v. *Abyssinian Society*, 15 Me. 306; *University* v. *Williams*, 9 Gill 305;) nor can any corporate engagements be implied from their unsanctioned conduct or declarations. (*Dunn* v. *St. Andrew's Church*, 14 Johns. 118; *Prop.* v. *Gordon*, 1 Pickens 259; Beach on Corporations, 193.)

PEMBERTON, C. J.—This is an action brought by the plaintiff to recover for labor and services performed as superintendent of the defendant's mines, and for money expended and goods furnished for its use and benefit. The answer denies all the allegations contained in the complaint, as to the indebtedness sued for, and pleads a counterclaim against the plaintiff.

The replication denies the counterclaim.   The case was tried with a jury.   The jury made special findings, and rendered a general verdict for the plaintiff.   Judgment was rendered for the plaintiff.   From the judgment, and an order overruling a motion for new trial, this appeal is prosecuted.

The theory of the defense is that the plaintiff was a trustee of the defendant, a corporation, and a large stockholder therein; that he had never been appointed superintendent by the board of trustees, and his compensation fixed, as required by the by-laws of said corporation; that he was trustee and secretary of the company, and was employed by the day at $3.50 per day for what time he actually worked in the mines, and that the service he seeks compensation for in this action, as superintendent, was rendered by him as trustee, without any contract for pay therefor, either express or implied; that he had been paid all the company owed him on any account whatever.   The defendant sets up a counterclaim against the plaintiff for stock of the company which it alleges plaintiff sold, and failed to account for the money obtained thereby.

There were three questions of fact submitted to the jury: First.   Did the plaintiff perform the service, expend the money, and furnish the goods, as alleged in the complaint, for the use and benefit of the defendant?   Second.   Did the plaintiff perform such service outside of his duties as trustee, secretary and stockholder, and under such circumstances as to clearly raise the presumption that he and the trustees understood that he was to be paid therefor?   Third.   Was the defendant's counterclaim established by the evidence?

These questions of fact were all submitted to the jury, under fair instructions, we think.   It is true there was a conflict of evidence upon all these issues.   But it was the province of the jury to settle this conflict.   They determined the questions in favor of the plaintiff.   We think there was sufficient evidence to support the findings.

The defendant contends that the plaintiff could not recover upon an implied contract for services as superintendent, insist-

ing that, to entitle him to recover, he should show that he was employed by the board of trustees, acting in its official capacity. We think the court rightly interpreted the law governing this part of the contention in the following instructions given to the jury: "The jury are instructed that if they find from the evidence that the plaintiff was a trustee of the company at the time the services alleged by him were performed, and that by a by-law of the company the power to fix the compensation of the superintendent was given to the board of trustees, and that no compensation was ever fixed by them, and that the plaintiff had a large pecuniary interest in the management and success of the company, and that when he assumed the duties of the office of superintendent, without some agreement or provision for compensation, the presumption may properly arise that he performed the services gratuitously. In such case there may be presumed to exist a reason, in the fact of the relation and interest he has in the company, to induce him to assume duties and perform services in its behalf not dependent upon compensation, when nothing appears to the contrary."

"The jury are further instructed that if they believe from the evidence that the plaintiff was, during the time he claims to have acted as manager or superintendent of the defendant company, the secretary or trustee of the defendant company, then plaintiff cannot recover compensation for services rendered by himself for defendant company upon an implied contract, unless it be established by a clear preponderance of the evidence—First, that the services were clearly outside his ordinary duties as secretary or trustee; second, that they were performed under circumstances sufficient to show that it was well understood by the proper corporate officers, as well as himself, that the services were to be paid for by the defendant company."

We see no reason why a party may not recover of a corporation for such services, under the same circumstances that would permit of a recovery against a partnership or individual.

The defendant also contends that the jury disregarded the instructions of the court, quoted above. There was a conflict of evidence as to the matter covered by the instruction, but we are not authorized by the record to conclude that the jury disregarded it.

The errors assigned pertain principally to questions of the insufficiency of the evidence to warrant the findings of fact. Questions of the weight and sufficiency of evidence, as well as the credibility of the witnesses, are determined by the jury, and in this case we do not feel authorized to disturb their determination, or the judgment rendered in accordance therewith. The judgment is affirmed.

*Affirmed.*

DE WITT and HUNT, JJ., concur.

