SEVERSON, RESPONDENT, *v.* THE BI-METALLIC EX. M. & M. CO., APPELLANTS.

[Submitted February 28, 1896. Decided March 9, 1896.]

CORPORATIONS—*Liability to officers for services.*—One who is both the director and vice-president of a corporation and who, in the capacity of a superintendent, renders services of value to the company, which are clearly outside of the ordinary duties of a director or vice-president, and which some one had to perform, and which it was understood by the corporate officers were to be performed by such director and paid for as services of a superintendent, may recover therefor without an express contract. (*Felton* v. *West Iron Mountain Mining Co.*, 16 Mont. 81, affirmed.)

*Appeal from Third Judicial District, Granite County.*

ACTION for services rendered. Judgment was for the defendant. Plaintiff's motion for a new trial was granted by BRANTLEY, J. Affirmed.

Statement of the case by the justice delivering the opinion.

The plaintiff brought this action in *quantum meruit* for wages which he alleged to be due to him from the defendant for services performed by him as its superintendent, and also for the sum of $235, money expended by plaintiff for defend-

ant. The case was tried to a jury. The court granted a motion for a nonsuit, and entered judgment in favor of the defendant. It appeared that the plaintiff was a director of the corporation defendant, and its vice president, and a large stockholder. The motion for a nonsuit was granted upon the ground that one occupying the relations towards the corporation above mentioned could not recover compensation for his services as superintendent without an express contract of employment authorizing the performance of the particular service and the expenditures of moneys described. The plaintiff moved for a new trial. This motion was granted. From that order the defendant appeals.

*H. R. Whitehill,* for Appellant.

Counsel cited: *Sawyer* v. *Pawners Bank,* 6 Allen, 209; *Loan Association* v. *Stonemetz,* 29 Pa. St. 534; *Holder* v. *L. B. & M. R. R. Co.,* 71 Ill. 106; *Kilpatrick* v. *Penrose Ferry B. Co.,* 49 Pa. St. 118; *Butts* v. *Wood,* 37 N. Y. 319; *Gardner* v. *Ogden,* 22 N. Y. 348; *Dutton* v. *Willner,* 52 N. Y. 319; *Cheeney* v. *L. B. & M. R. Co.,* 68 Ill. 570; *Hallahan* v. *N. Y. L. E. & W. R. Co.,* 102 N. Y. 194; *American Central R. Co.* v. *Miles,* 52 Ill. 179; Am. & Eng. Ency. of Law, page 119, note 3, and page 121, note 5, and cases cited; 1 Redfield on Railways, § 137, Div. 3; *Wickersham* v. *Crittenden,* 93 Cal. 29; *Wood* v. *Lost Lake Mining Co.,* 23 Oregon 20; *Martindale* v. *Wilson–Cass Co.,* 134 Pa. St. 348; *Eakins* v. *Am. etc., Bronze Co.,* 75 Mich. 568; *Hodges* v. *Rutland R. R.,* 29 Vt. 220; *Mather* v. *Eureka Mower Co.,* 118 N. Y. 629; *Shackelford* v. *New Orleans R. R.,* 37 Miss. 202; *Gill* v. *N. Y. Cab Co.,* 48 Hun. 525.

*Rogers & Rogers,* for Respondent.

Counsel cited : *Felton* v. *West Iron Mountain Min. Co.,* 16 Mont. 81; 1 Beach on Private Corporations, §§ 208, 235; Cook on Corporations, § 657; *Rockford, R. I. & St. L. R. R. Co.* v. *Sage,* 65 Ill. 328, 16 Am. Rep. 587; *Citizens Na-*

*tional Bank* v. *Elliott*, 55 Iowa, 104, 39 Am. Rep. 167; *Roseborough* v. *Shasta River C. Co.*, 22 Cal. 557; *Chicago, B. & Q. R. R. Co.* v. *Coleman*, 18 Ill. 297, 68 Am. Dec. 544; *Ryan* v. *Dunlap*, 17 Ill. 40, 63 Am. Dec. 334; *Pixley* v. *W. P. R. R. Co.*, 33 Cal. 192.

De Witt, J.—No question of practice is raised by the briefs of either party in this case, and we will therefore take up and consider the appeal as it is presented by the record.

All the testimony which was introduced is brought up in the transcript. This we have read, and from it we find that testimony was introduced which tended to prove that the plaintiff, while he was trustee and vice president and shareholder of the defendant, performed services for the defendant as its superintendent, and that the services were of some value. There was also evidence which tended to prove that these services were clearly outside of the ordinary duties of the plaintiff as director or stockholder; also that before the performance of the services the officers of the corporation well understood that plaintiff was to perform them, and that they were services outside of his duties as director and vice president, and were services that some one must perform. The evidence also tended to show that it was understood by the corporate officers that these were services which should be paid for by the corporation as those of a superintendent. These facts, in our opinion, bring the case within the decision of *Felton* v. *West Iron Mountain Min. Co.*, 16 Mont. 81. The court, therefore, erred in granting the nonsuit, as there was evidence tending to prove all the material allegations of the complaint, and the order of the court in setting aside the order for a nonsuit and the judgment, and granting the new trial was correct.

As noted above, the question of practice in this respect is not noticed by counsel. It may be conceded that the doctrine is correct as announced in the many cases cited by the appellant that a director, trustee, or officer of a corporation cannot recover for services which he renders as such when there is no express contract to that effect. We are of opinion also that

when such officer of a corporation seeks to recover for services rendered to the corporation without an express contract it should very clearly appear that such services were wholly apart from his office and duties as trustee, director or officer of the corporation.  This principle is thoroughly recognized in the instructions given in *Felton* v. *West Iron Mountain Min. Co.*, *supra*.  But when the services rendered by such corporate officer are clearly distinguishable, and separated from his ordinary duties as an officer of the corporation, we are of opinion that he may recover upon *quantum meruit*, under the facts and circumstances as shown in *Felton* v. *West Iron Mountain Min. Co.*, *supra*, and in the case at bar as well.    Most of the cases which appellant cites are upon the general principle above set forth.    They do not treat the case of a corporate officer rendering services, as under the circumstances of this case.

In the case of *Gill* v. *N. Y. Cab Co.*, 48 Hun, 524, 1 N. Y. Supp. 202, upon which appellant chiefly relies, the court said : "An examination of this evidence, however, fails to show that there was any understanding or idea upon the part of the directors of this corporation, certainly as a body, that the plaintiff was to receive any compensation for his services except his salary as vice president.  The evidence upon the part of the plaintiff himself tends to confirm this view, in that the only claim that he ever made to the corporation during the time that these services were rendered was that his salary as vice president should be raised."    It is observed that these facts differ materially from those of the case before us.

Our decision in *Felton* v. *West Iron Mountain Min. Co.*, *supra*, is sustained in *Santa Clara Min. Ass'n* v. *Meredith*, 49 Md. 389.    That case was thoroughly briefed by counsel, who called the attention of the court to the leading cases upon this subject.    The court, by Grason, J., in delivering the opinion, said :    " We have carefully examined the authorities referred to by the counsel of the respective parties, and without in this opinion entering upon a review of them in detail we deem it sufficient merely to state the principles of law which they establish.    To entitle a president or director of a corporation to re-

cover for services rendered his corporation, he must prove an *express* contract of employment, if the services for which he claims compensation are within the line and scope of his duties as president or director.    To this effect are nearly all the cases cited in the briefs, and this general principle is admitted by the counsel of the appellee to be correct.    But if a president or director of a corporation renders services to his corporation which are *not* within the scope of, and are not required of him by his duties *as* president or director, but are such as are properly to be performed by an agent, broker or attorney, he may recover compensation for such services upon an implied promise.    See Ang. & A. Corp. page 316, § 317; *Chandler* v. *Bank*, 13 N. J. Law, 260; *Henry* v. *Railroad Co.*, 27 Vt. 455; *Hall* v. *Railroad Co.*, 28 Vt. 408; *Railroad Co.* v. *Ketchum*, 27 Conn. 181; *Evans* v. *City of Trenton*, 24 N. J. Law, 769.''

We quote the following from *Bank* v. *Elliott*, 55 Iowa 104, 7 N. W. 470 :    '' We understand the rule° to be, when an officer of a corporation performs the usual and ordinary duties of his office as defined by the charter or by-laws, he cannot recover compensation therefor unless it has been so specially agreed.    He cannot, in such case, recover what the services are reasonably worth.    (*Railroad Co.* v. *Ketchum*, 27 Conn. 180; *Association* v. *Stonemetz*, 29 Pa. St. 534; *Merrick* v. *Coal Co.*, 61 Ill. 472; *Cheeney* v. *Railroad Co.*, 68 Ill. 570; *Holder* v. *Railroad Co.*, 71 Ill. 106; *Kilpatrick* v. *Bridge Co.*, 49 Pa. St. 121.)    *    *    *    It may be conceded, for extraordinary services, such as do not pertain to the office there may be a recovery although it has not been so specially agreed.''

It is said in *Railroad Co.* v. *Sage.* 65 Ill. 328 :    ''There was some evidence tending to show services rendered and expenses incurred by the plaintiff since the organization of the company, apart from his duty as a director.    For all such he may recover upon a *quantum meruit.*''

Mr. Beach, in his work on Private Corporations (volume 1), says :    '' To entitle a president or director of a corporation to recover for services rendered his corporation, he must prove

an express contract of employment, if the services for which he claims compensation are within the line and scope of his duties as president or director. * * * But when the charter of a corporation provides that certain officers may be elected, and their salary fixed, by a board of directors, and a president is thus elected, but without a salary being named, the law raises an *assumpsit* on the part of the corporation to pay a reasonable compensation for his services rendered after election. And generally for services beyond their regular employment the president and directors of a company may recover a *quantum meruit.*'' (Section 208.) ''It is not customary to compensate directors for services rendered by them to the company in the regular course of their duty, and they cannot recover therefor except upon some express agreement entered into between them and the company before the rendition of the services, or under a previously existing charter provision or by-law. But for services beyond the scope of their official duty, directors, like other persons, may demand a *quantum meruit* compensation.'' (§ 235.) See, also, Cook, Stock, Stockh. & Corp. Law, page 925, § 657.

Thompson, in his Commentaries on the Law of Corporations, says: ''On the other hand, a director or other officer of a corporation can recover on an express or implied *assumpsit* for services rendered the corporation, provided such services are clearly outside the scope of his duties as such officer.'' (Vol. 3, § 4386.) See, also, sections 3527, 4387.

We are satisfied that the authorities sustain the view taken by us in *Felton* v. *Iron Mountain Min. Co.*, and that the facts and circumstances of this case bring it within that decision. The order of the district court is therefore affirmed.

*Affirmed.*

Pemberton, C. J., and Hunt, J., concur.