## DUNLAP v. MONTANA-TONOPAH MINING CO.

(Circuit Court, D. Nevada. July 17, 1911.)

### No. 1,117.

1. EVIDENCE (§ 213*)—ADMISSIONS—OFFER TO COMPROMISE—CORPORATE RESOLUTIONS.

Where the vice president of a corporation was claiming compensation for extra services rendered for it, and the corporation in an effort to compromise passed a resolution admitting the rendition of the services and instructing the secretary and treasurer to pay him $1,000 out of the funds of the company, such resolution was admissible in an action against the corporation for such services as an admission, under the rule that the admission of any distinct fact made eo animo is competent though made in the course of proceedings for compromise.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 745–753; Dec. Dig. § 213.*]

2. CORPORATIONS (§ 308*)—OFFICERS—RENDITION OF SERVICES.

Where services rendered by plaintiff to a corporation of which he was a director or vice president were within the scope of his official duties, he could not recover therefor without proof of an express contract of employment with an agreement for compensation, but as to services rendered outside the scope of his official duty he was entitled to recover on an implied promise if such promise could be inferred from the facts and circumstances in the case.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1334–1349; Dec. Dig. § 308.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CORPORATIONS (§ 308*)—OFFICERS—SERVICES—COMPENSATION—EVIDENCE.

Evidence *held* to warrant a finding that emergency services rendered by a corporation's vice president were without the scope of his official duties, and that he was entitled to recover compensation therefor, without an express contract to pay for them.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1334–1349; Dec. Dig. § 308.*]

4. NEW TRIAL (§ 157*)—GROUNDS—WAIVER.

A ground of motion for new trial not urged will not be considered.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 157.*]

At Law. Action by R. P. Dunlap against the Montana-Tonopah Mining Company. On motion for new trial. Denied.

McIntosh & Cooke and Summerfield & Curler, for plaintiff.
Rufus C. Thayer, for defendant.

FARRINGTON, District Judge. Plaintiff brings this action to recover the sum of $20,500, a balance alleged to be due for services rendered between January 15, 1903, and February 15, 1910. Plaintiff was secretary treasurer of defendant company from January 15, 1903, to October 15, 1903, at a salary of $150 per month; and from the latter date until he resigned, February 21, 1905, at $200 per month. This salary has been fully paid. From September 8, 1903, to February 15, 1910, he was a director, and from September 11, 1906, he was also a vice president of said company.

Defendant denies that Dunlap "has performed any services excepting those incidental to the office of secretary treasurer * * * for which he has been fully paid and compensated, and excepting those incident and properly belonging to the offices of a director or vice president of said corporation usually legally and duly performed by such officers without compensation." The jury brought in a verdict in favor of plaintiff for $7,500. A new trial is asked because the verdict is alleged to be excessive, and not supported by the evidence, and because the court erred in the admission of evidence, and in giving and refusing instructions to the jury. Plaintiff offered minutes of the board of directors, dated February 15, 1910, reciting certain services rendered by Mr. Dunlap "other than those usually designated as the duties of vice president," and declaring it to be the sense of the "board that Mr. Dunlap is entitled to some compensation for the services rendered in these matters," and concluding with a resolution that the secretary treasurer of this company be and he hereby is instructed to pay R. P. Dunlap the sum of $1,000 out of the funds of this company."

[1] The court excluded the instruction to the secretary treasurer, and admitted that portion of the resolution which reads as follows:

"Whereas at times during the past five years it has been necessary to call upon Vice President Dunlap to perform in cases of emergency duties other than those usually designated as the duties of vice president, such as the exercise of his good offices in behalf of the company in case of accident to employés of this company, more particularly in the case of John Mitchell, S. Merton, and others, his efforts in behalf of the company in securing a reduction of taxes on the properties of this company, more particularly the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

taxes for the year 1907, when the tax against the mill was $3,450. which through Mr. Dunlap's efforts was reduced to $862.50, thereby effecting a saving of $2,587.50, and at the same time a reduction of $5,875 in the assessed valuation of the surface improvements, resulting in a saving of $202.88, and the separate listing of the railroad spur, effecting a saving of $78.09, it is the sense of this board that Mr. Dunlap is entitled to some compensation for the service rendered in these matters."

It is apparent that there was an effort to compromise, and that the resolution, in so far as it fixed Mr. Dunlap's compensation at $1,000, was an offer on the part of the corporation to settle with plaintiff. The resolution, as admitted, was no more than an admission by the board of directors that plaintiff had rendered certain extra official services, for which he was entitled to some compensation. These were clearly admissions of fact, made because defendant believed them to be true. "The admission of any distinct fact made eo animo is competent, though made in the course of proceedings for compromise." 2 Chamberlayne on Evidence, § 1452; 2 Wigmore on Evidence, § 1061; Harrington v. Lincoln, 4 Gray (Mass.) 563, 64 Am. Dec. 95; Snodgrass v. Branch Bank at Decatur, 25 Ala. 161, 60 Am. Dec. 505; Illinois Central R. R. Co. v. Manion, 113 Ky. 7, 67 S. W. 40, 101 Am. St. Rep. 345; Brice v. Bauer, 108 N. Y. 428, 15 N. E. 695, 2 Am. St. Rep. 454.

[2] If Mr. Dunlap rendered services to the corporation within the scope of his duties as director or vice president, before he can recover therefor, he must prove an express contract of employment with an agreement for compensation. If he rendered services which were outside the scope of his official duty as vice president or director, he is entitled to recover therefor upon an implied promise, if such a promise can be inferred from the facts and circumstances in evidence.

I am aware that many respectable authorities hold that an officer of a corporation cannot recover for services, whether official or extra official, in the absence of prior express contract, but I am unable to yield my assent to such a doctrine. The weight of authority seems to be with the more liberal rule. Ruby Chief M. & M. Co. v. Prentice, 25 Colo. 4, 52 Pac. 210; Santa Clara Mining Association v. Meredith, 49 Md. 389, 33 Am. Rep. 264; Corinne M. C. & Stock Co. v. Toponce, 152 U. S. 405, 14 Sup. Ct. 632, 38 L. Ed. 493; Ten Eyck v. Pontiac R. R. Co., 74 Mich. 226, 41 N. W. 905, 3 L. R. A. 378, 16 Am. St. Rep. 633; Huffaker v. Germania Safety Vault & Trust Co., 107 Ky. 200, 53 S. W. 288, 46 L. R. A. 384; Severson v. Bi-Metallic Extension M. & M. Co., 18 Mont. 13, 44 Pac. 79.

[3] Mr. Dunlap's efforts to settle accident cases in which defendant was involved, and also to secure a reduction of defendant's taxes, were not, strictly speaking, official duties. They were services which might very properly have been, and usually are, performed by an attorney, agent, or broker.

In Santa Clara Mining Association v. Meredith, supra, the court says:

"If a president or director of a corporation renders services to his corporation which are not within the scope, and are not required of him by his

duties as president or director, but are such as are properly to be performed by an agent, broker, or attorney, he can recover for such services upon an implied promise."

The admission of the directors that Dunlap "had performed emergency duties other than those usually designated as the duties of vice president," such as those recited, certainly constitutes testimony tending to show the rendering of services outside of and beyond those required of him as an officer of the company.

[4] That the verdict is excessive is one of the grounds of the motion for new trial, but inasmuch as it is not urged, and for that reason only, it is not considered.

The motion for new trial is denied. Defendant is granted 20 days within which to take any steps he may be advised.