(17 Misc. Rep. 272)

### KEANS v. NEW YORK & COLLEGE POINT FERRY CO.

(City Court of New York, General Term. June 30, 1896.)

CORPORATIONS—CONTRACT WITH DIRECTOR—VALIDITY.

> A resolution fixing the salary of a director as officer of the corporation is not invalid merely because such officer was present at the meeting of the board, and voted for the resolution, where his vote was not necessary to carry the resolution, and there was no evidence that the amount fixed exceeded the reasonable value of the services rendered by him.

Appeal from trial term.

Action by Bernard T. Keans against the New York & College Point Ferry Company to recover for services alleged to have been rendered by plaintiff to defendant. From a judgment entered on a verdict directed in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and CONLAN and O'DWYER, JJ.

Foster & Foster, for appellant.
David McClure, for respondent.

VAN WYCK, C. J. The complaint alleges that plaintiff was duly elected president of the defendant in March; that the annual salary of the president was duly fixed at $2,000, to commence on the following May 1st; that he duly entered upon and performed the services as president until October, and that there is due him for such services so performed $966.66. These allegations were simply denied by the answer for want of knowledge or information sufficient to form a belief as to the truth thereof, and answer did not set up bad faith or fraud in his election as president, or in the making of the contract as to services and salary. The plaintiff's proof (defendant did not offer any) shows that defendant's board of directors, consisting of five members, "have the management and control of the affairs and business of the corporation, and shall employ such agents and employés as they deem advisable, and shall fix the rate of compensation of all officers, agents, and employés"; that plaintiff was one of these five directors, and was duly elected the president; that at a meeting in March of the entire board, at which plaintiff presided, it was unanimously resolved "that the annual salary of the president of this company be, and the same is hereby, fixed at $2,000, to commence on the 1st day of May next"; that the plaintiff immediately entered upon the performance of his duties as president and manager of the company, and continued to act as president and manager by giving actual personal attention to his

duties as such until the following October; that his compensation for such services so performed at the rate fixed by the board amounted to $966.66, no part of which has been paid. The presumption is that plaintiff voted for the resolution fixing the salary, for the minutes state 'that he was present, and that it was unanimously passed. If plaintiff had not voted, the result would have been the same. The vote cast by him did not render the proceedings void, but merely voidable at the instance of the corporation, its directors, stockholders, or creditors, if any wrong or injustice had been done them or either of them; and until some act of theirs indicates such a purpose, it is not a nullity. The plaintiff, with the full knowledge of the corporation, was permitted for six months to perform the services necessary to manage the business of the ferry company, and sues, not for damages for wrongful discharge, but for the fixed salary of $166 per month for services actually performed, and the benefit of which the corporation has already received and adopted. Judge Gray, in writing in Barr v. Railroad Co., 125 N. Y. 275, 26 N. E. 145, says:

"The rule does not operate to avoid ab initio all transactions of a trustee where he is interested, but is generally limited in its operations to rendering them voidable at the election of the party whose interests are concerned in the question of their affirmance or disaffirmance. If, therefore, nothing is done in voidance, the transaction remains. If knowledge and opportunity concur whereupon to move, delay, if unreasonable, or attended by retention and enjoyment of the results of the transaction, may be deemed equivalent to an adoption and ratification of that which before was the subject for action, in repudiation of any obligation."

The defendant did not, by proof or pleading, offer to show that the services rendered by plaintiff as president and manager of this ferry company were not meritorious and beneficial, and absolutely necessary for the conduct of the business of the company, or that the compensation therefor of $166 per month was in excess of the reasonable value of such services so rendered. The contract set forth in the complaint was valid on its face, and defendant cannot, under a general denial, show that it was illegal. However, defendant made no effort to show that the contract was fraudulent, unfair, or improvident; but, relying upon its motion to dismiss on plaintiff's proof, defendant rested, without introducing any evidence, and made no request to go to the jury.

Judgment and order affirmed, with costs.    All concur.