principles by the court there governing such consents does not aid us in the determination of the question before us.     The appellant's counsel contends that the plaintiff cannot stand upon chapter 531 of the Laws of 1881, as amended, because the complaint does not disclose that the plaintiff had complied with the provision of the statute which provides that upon the commencement of the action the plaintiff shall furnish a bond to the defendant therein, to be approved by a justice of the supreme court, etc., in such penalty as the justice shall require for the payment of the costs of the action.     We do not think the failure to furnish such a bond devests the court of jurisdiction to proceed with the action, as it does not go to the essence of the controversy.     It is simply a provision protecting the defendant from costs, and may be waived by the defendant; but, if required by it, the court will stay the plaintiff's proceedings in the action until the security is furnished in analogy to the proceedings requiring security for costs by nonresident plaintiffs, under sections 3268, 3279, Code Civ. Proc.

As we have seen, the complaint in the case at bar distinctly charges corrupt, wrongful, and illegal action as the gravamen of the cause of action, and, that being so, the action is maintainable, because the corrupt, illegal, and fraudulent action of municipalities, where injury results to the plaintiff, is always a subject of cognizance and determination by the courts.     The appropriation of the streets of the city of Buffalo not already occupied by street railways for the purposes of the appellant, interfering, as it necessarily must, to a considerable extent, with the free use of the streets by the public, and inconvenience to the abutting owners, and the loss to the city of a valuable franchise, should be legally and honestly done, and the rights of the public carefully guarded, and the taxpayers of the city have the right to know whether every step taken to secure that appropriation was in accordance with law.     The allegations in this voluminous complaint must be regarded as true in the disposition of the questions raised by the demurrer, and they disclose such a state of things surrounding the obtaining of this consent as connected with the municipal authorities and with the defendant that it demands the careful scrutiny and determination of a court and a jury.

The interlocutory judgment appealed from should be affirmed, with costs, with leave to the defendants to answer upon the payment of such costs within 20 days.

---

BAGLEY v. CARTHAGE, W. & S. H. R. CO.

(Supreme Court, Appellate Division, Fourth Department.     February 6, 1898.)

1. CORPORATIONS—EMPLOYMENT OF OFFICER—QUESTION FOR JURY.
     There is sufficient evidence for the jury that a railroad company contracted to pay its president (who received no salary) for services in relieving it from threatened foreclosure proceedings, and in obtaining a $300,000 loan (the by-laws of the company, whose line was leased, simply prescribing as the duty of the president the calling of meetings of the board of directors, and making him ex officio a member of the executive, auditing, and finance committee of the board); he having spent a large portion of his time for several years, to the knowledge of the company, in such matter, and there

being evidence that though there was no formal resolution, or contract in writing, of employment, it was in substance said, with the acquiescence of the directors, at meetings of the board of directors, before or about the time the services were commenced, and during the progress thereof, that he should be compensated for such services.

2. VALUE OF SERVICES—EVIDENCE.

Testimony of a member of a banking house through which plaintiff negotiated for a loan of $300,000 to defendant, as to the time spent by plaintiff and the value of the services, is competent in an action for compensation.

Appeal from trial term, Jefferson county.

Action by George A. Bagley against the Carthage, Watertown & Sacket Harbor Railroad Company. From a judgment for plaintiff for $5,535.06 entered on a verdict, and from an order on the minutes of the judge denying a motion for a new trial, defendant appeals. Affirmed.

The action is brought to recover for services rendered by the plaintiff, and moneys disbursed by him, for the defendant, between October 17, 1887, and April, 1894. The plaintiff was president of the defendant during that period. The services, as alleged and proved, were the plaintiff's services in important litigations in which the defendant was engaged with other railroad companies, in relieving the defendant from threatened foreclosure proceedings, and in obtaining a loan of $300,000 to relieve the defendant, and to take the place of its mortgage bonds that were being foreclosed in those proceedings, and other services; and the plaintiff claims, and the jury found, that these services were outside of his duties as president and director of the defendant. There was no formal resolution or action in writing by the defendant's board of directors, employing the plaintiff to perform those services; but the plaintiff's proof tended to establish that at several meetings of the board of directors of the defendant, while the plaintiff was present, the subject of his compensation was discussed, and it was said, in substance, with the acquiescence of the directors, that the plaintiff should be compensated for such services, and repaid such disbursements as he had and should incur in the prosecution of the business. The first of these meetings occurred before or at about the time that the services were commenced, and the other meetings occurred at intervals during the progress of the business. There was no controversy over the rendition of the services, or their value. The disputed question was as to whether the defendant, through its board of directors, had agreed to compensate the plaintiff for his services; the defendant also claiming that what was done by the plaintiff was within his duties as president of the defendant, and, as the defendant had not provided any salary for him as president, he could not recover. The by-laws of the defendant simply prescribed the duty of the president to call meetings of the board of directors, or require the secretary to do so, and provided that the president should be ex officio a member of the executive, the auditing, and the finance committees of the board; each committee to consist of such members as the board should direct. The defendant was organized about 1870, and constructed a railroad from Carthage to Watertown, in this state, in 1872, and continued it to Sacket Harbor in 1874. About the time the defendant's road was completed, it was leased in perpetuity to the Utica & Black River Railroad Company, which latter assigned and transferred its lines, together with the lease, to the Rome, Watertown & Ogdensburg Railroad Company in April, 1886. The last-named company in March, 1891, transferred its line and the said leased lines to the New York Central & Hudson River Railroad Company. The defendant, after its lease, maintained its organization and officers, but had no active charge of the operation of its road, or transacted any business, except to look after its interest under the leases. The plaintiff had been admitted to the bar, and had practiced law, to some extent, in his earlier years; but during the time when his claims originated he was engaged in manufacturing business, as the head of a manufacturing corporation. The plaintiff was a stockholder and a director in the company of the defendant.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Mullen, Purcell & Walker, for appellant.
Rogers & Atwell,.for respondent.

WARD, J.   The defendant revives upon this appeal its contention upon the trial that the plaintiff being a stockholder and a director of the defendant, and there being no agreement, express or implied, to compensate him for services rendered, he cannot recover.   We think the trial court properly submitted the question to the jury as to whether there was a contract between the plaintiff and the defendant that the plaintiff should be compensated for the services for which he recovered upon the trial.   What evidence was given upon this subject by the plaintiff was not contradicted by the defendant, but the defendant claimed that it was not sufficient in law to justify a submission to the jury, and an exception was taken to the court's so doing.   The fact that the plaintiff rendered such valuable services to the defendant, spending a large portion of his time for several years, and incurring considerable expense, to the knowledge of the defendant, in matters outside of his duties as director or president of the company, is important to be considered in determining this. question.   Had those services been rendered to a private individual, a contract would have been implied that the person having the benefit of these services, and rendered with his knowledge and approval, should have reasonable compensation for such services.   It is not necessary to determine in this case whether this rule would apply to the defendant as a corporation, because there was sufficient proof to go to the jury upon this question whether the conversations and statements in the board of directors at its several meetings with the acquiescence of the members of the board did not constitute a contract on the part of the defendant to pay the plaintiff for his services.   There was no question about his right to recover for his disbursements, which were conceded upon the trial to have been $385.23; and in view of all the evidence as to the duties of the plaintiff as president and director, and the character of the services which he rendered, and the inferences derived therefrom, we think it was a question for the jury to determine whether the services claimed by the plaintiff were outside of his duties as director and president, and the verdict concludes the defendant upon that question.   In Jackson v. Railroad Co., 2 Thomp. & C. 653, affirmed in 58 N. Y., at page 623, upon the opinion of Boardman, J., in the court below, it was held that a director of a railroad company, who had acted as legal counsel in an action to which the company was a party, was entitled to compensation when so employed by the company, and that it was not indispensable that his employment should be by formal resolution of the board of directors, but it might be inferred from the nature of the employment, the importance of the subject-matter, and other acts of the board recognizing an indebtedness.   To the same effect is Outterson v. Paper Co. (Sup.) 20 N. Y. Supp. 980.   In that case the plaintiff claimed a salary as treasurer of the defendant corporation,

and he proved a verbal agreement by the trustees at the meeting at which he was appointed treasurer that he should have a salary; but there was no written resolution made or entered, and it was held that the verbal agreement was sufficient; and Judge Merwin says at page 983:

"If the services were outside of his official duties, and he was actually employed by the corporation, or the circumstances were such as to authorize the inference of an actual employment by the corporation, the fact that plaintiff was an officer would not prevent his recovery of compensation;" citing cases.

The principle laid down in these cases is sustained by Ang. & A. Corp. §§ 318, 284. The last section quotes Judge Story as saying:

"A board [board of directors] may accept a contract or approve a security by vote, or by a tacit and implied assent. The vote or assent may be more difficult of proof by parol evidence than if it were reduced to writing, but surely this is not a sufficient reason for declaring that the vote or assent is inoperative."

The cases cited by the learned counsel for the appellant upon this subject only go to the extent of holding that an officer of the company is not entitled to a salary, in performing the duties of his position, unless the corporation, by proper action, fixes that salary; nor is he entitled to recover for services outside of his duties as an officer, except upon some proof of a contract to compensate him. Among the cases cited by him is Farmers' Loan & Trust Co. v. Housatonic R. Co., 152 N. Y. 251, 46 N. E. 504. Judge O'Brien says in that case, at page 254, 152 N. Y., and page 505, 46 N. E.:

"The plaintiff, being not only the president, but a director as well, could not recover upon a quantum meruit, or an implied contract. He was bound to show that the directors had assented to his right to compensation, or had authorized the payment in some form;" citing cases.

Numerous exceptions were taken at the trial, to which our attention is directed, and which we have examined. We find them without merit, and do not deem it necessary to notice but one or two of them. The court permitted the witness Fairchild, a member of a New York banking house through which the plaintiff had negotiated for the $300,000 loan to the defendant, to testify to the time spent by the plaintiff, and the value of his services, in negotiating the loan. There was no doubt as to the competency of this witness to testify upon this subject, and we think that the evidence was properly received; and such evidence was expressly sanctioned in Jackson v. Railroad Co., supra. We have already commented upon the exception to the submission to the jury of the question as to whether the plaintiff had given evidence tending to prove an employment outside of his duties as an officer of the defendant.

We find no reversible error in the proceedings below, and the judgment and order appealed from should be affirmed, with costs. All concur.