GEORGE A. BAGLEY, Respondent, *v.* THE CARTHAGE, WATERTOWN AND SACKETS HARBOR RAILROAD COMPANY, Appellant.

CORPORATIONS — COMPENSATION OF DIRECTOR FOR SERVICES RENDERED OUTSIDE OF HIS OFFICIAL DUTIES. The president and director of a corporation who renders services thereto outside of his official duties, upon an employment of the directors upon a promise of compensation, is entitled to receive the value of such services and the expenses incurred during their rendition, although he is not entitled by the by-laws to any salary for his official services and there is no express resolution of the board of directors containing an agreement to employ and to compensate him.

*Bagley* v. *Carthage, W. & S. H. R. R. Co.*, 25 App. Div. 475, affirmed.

(Submitted November 13, 1900; decided December 11, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 23, 1898, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry Purcell* for appellants. The plaintiff being a stockholder and director of the defendant, and there being no valid agreement, express or implied, to compensate him for services rendered, he cannot recover. (*Mather* v. *Eureka M. Co.*, 118 N. Y. 629; *F. L. & T. Co.* v. *H. R. R. Co.*, 152 N. Y. 254; *Barril* v. *Calendar Co.*, 50 Hun, 257; *Gill* v. *N. Y. Cab Co.*, 48 Hun, 524; *Starbuck* v. *H. R. R. Co.*,

83 Hun, 534; Beach on Priv. Corp. § 208; *Loan Assn.* v. *Stonemetz*, 29 Penn. St. 524; *Kilpatrick* v. *P. F. B. Co.*, 49 Penn. St. 118; *Smith* v. *Putnam*, 61 N. H. 632; *I. L. Co.* v. *Hough*, 91 Ill. 63; *N. Y. & N. H. R. R. Co.* v. *Ketchum*, 27 Conn. 170; Angell & Ames on Corp. 288, 501; *Kelsey* v. *Sargent*, 40 Hun, 150; *M. E. R. Co.* v. *Kneeland*, 120 N. Y. 134.)

*Watson M. Rogers* for respondent.    The evidence warrants a recovery.    A board of directors may employ one of their own number to perform services for the corporation outside his duties as an officer, and bind the corporation to pay therefor. (*Bank of Lyons* v. *Demmon*, Hill & Denio, 396; *Jackson* v. *N. Y. C. & H. R. R. R. Co.*, 2 T. & C. 635; 58 N. Y. 623; Angell & Ames on Corp. § 284; *Milledge* v. *Iron Co.*, 5 Cush. 158, 179; *M. Nat. Bank* v. *C. G. L. Co.*, 159 Mass. 505; *S. El. L. Co.* v. *C. Nat. Bank*, 52 Hun, 575; *Outterson* v. *F. L. P. Co.*, 20 N. Y. Supp. 980; *F. L. & T. Co.* v. *H. R. R. Co.*, 152 N. Y. 251.)    If the employment is outside an official's duties, compensation may be recovered without an express promise of payment; it will be implied. (Beach on Corp. § 235; *Ten Eyck* v. *P. R. R. Co.*, 41 N. W. Rep. 905; *C. M. C. & S. Co.* v. *Toponce*, 152 U. S. 405; *Bartlett* v. *M. R. Co.*, 151 Mass. 433; *Shackelford* v. *N. O., J. & G. N. R. Co.*, 37 Miss. 202; *S. C. M. Assn.* v. *Meredith*, 49 Md. 389; *Rogers* v. *H. & D. R. Co.*, 22 Minn. 25; *Cheney* v. *L., B. & M. R. Co.*, 68 Ill. 570; *Henry* v. *R. & B. R. R. Co.*, 127 Vt. 435; *N. Y. & N. H. R. R. Co.* v. *Ketchum*, 27 Conn. 170; *F. Nat. Bank* v. *Drake*, 29 Kans. 311.)

GRAY, J.    This action was commenced by the plaintiff to recover for services alleged to have been rendered by him to the defendant and, also, for expenses incurred during their rendition.    The plaintiff was a director and the president of the defendant between the years 1887 and 1894 and, during that period of time, he claims to have rendered services in certain controversies and litigations between, or concerning,

the defendant and its lessees and with reference to obtaining a loan of money for the purpose of refunding a certain mortgage indebtedness and of thus preventing a foreclosure. He claimed that those services were outside his official duties, and that they were rendered at the special instance and request of the board of directors and upon the understanding and promise that he should be compensated therefor. Much evidence was adduced upon the trial in behalf of both parties to the action and, at the close, the trial judge submitted to the jury, specifically, the questions, whether the plaintiff rendered any services outside his duties as director and president of the corporation; whether there was an agreement on the part of the directors to employ him to perform such services and, if they found that there was such employment and that such services were rendered outside his duties as director and president, what was the fair value of such services. The defendant excepted to the submission of these questions and, by exceptions to refusals to charge the jury, raised the question of the plaintiff's right to recover for the services and as to whether there was any valid agreement to compensate him. The jury rendered a verdict for the plaintiff; awarding a sum by way of compensation and to cover the expenses which he had incurred, and the judgment upon that verdict has been unanimously affirmed by the Appellate Division of the Supreme Court, in the fourth department.

The disposition of the case below, at the Appellate Division, removes from our consideration all questions relating to the rendition by the plaintiff of any services outside his official duties, or to their having been rendered upon an employment by the directors and upon a promise of compensation. Such being the established facts, I know of no rule or principle of law which forbids the plaintiff from claiming and recovering compensation for the services which he had performed. It is true that he was not entitled by the defendant's by-laws to any salary for his official services and that there was no express resolution containing an agreement to employ and to compensate him. But those facts are by no means conclusive upon

the question.   The fact that no salary was attached to the office which he held, merely, rendered it all the more essential to establish that the services in question were beyond the range of his official duties and their character.   The issue upon that head was settled by the verdict and its subsequent affirmance.

Neither is it essential to the plaintiff's right of recovery that he should have been employed under a formal resolution of the board.   It is sufficient if, from the nature of the employment, the importance of the subject-matter and the action of the directors of the corporation, the inference is authorized of the employment as alleged.   (*Jackson* v. *N. Y. C. Rail Road Co.*, 2 T. & C. 653 ; affirmed here upon the opinion below, 58 N. Y. 623.)   The principle of the right of recovery in such cases was recognized in the case cited.   (See, also, *Outterson* v. *F. L. Paper Co.*, 20 N. Y. Suppl. 980 ; *McDowell* v. *N. Y. & S. B. R. R. Co.*, 12 N. Y. S. R. 877 ; *Corinne Mill C. & S. Co.* v. *Toponce*, 152 U. S. 405 ; *Henry* v. *R. & B. Ry. Co.*, 27 Vt. 435.)

It is the general rule that a director, assuming office as such without any agreement as to compensation, is presumed to render his official services gratuitously ; for he assumes thereby, in a sense, a trust relation towards the company, and it would be against sound policy to permit him to assert claims for services which were within the line of his duties.   But, when he is employed to perform services for the benefit of the corporation which are not within that line, there is not the same reason for denying him the right to be compensated.   So far from there being any objection to the employment by a board of directors of one of their number, as their agent to do something in the interest and for the benefit of the corporation which, collectively, it would be impossible, or inconvenient, for them to do, it may often happen, from the nature of the business to be done, or in the situation of affairs, that it is, essentially, preferable and advantageous to do so.   In this case, the by-laws were silent upon the subject of the president's duties ; as they were with respect to a salary.   So far as it appears, he was only required to preside at meetings and to

act upon committees, *ex officio.* It was quite competent, therefore, for the board of directors to select him from their number and to request him to give his time and services to the particular matters requiring attention in the corporate interest, and to promise that he should be compensated for doing so. The employment of the plaintiff, its necessity and the agreement to pay, have been established and the right to recover followed.

No other questions in the case demand our consideration and the judgment should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur.

Judgment affirmed.