## COOLEY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. June 19, 1903.)

1. MUNICIPAL CORPORATIONS—EMPLOYÉS—ACTION FOR SALARY—PLEADING—GENERAL DENIAL—DEFENSES PROVABLE.

In an action against the city of New York by one claiming to have been appointed clerk of one of the villages subsequently included within the city of Greater New York, and alleging that, pursuant to the charter, he was assigned to duty in the office of the city clerk, in which defendant pleaded a general denial, a separate defense that the office of village clerk had been abolished by statute, and that the clerk did not become an employé of the defendant in any way, was subject to a motion to strike out, as being provable under general denial.

2. SAME.

A separate defense alleging that plaintiff never reported for duty, or entered on the discharge of the duties of the position mentioned, was subject to the same objection.

3. SAME—FRAUDULENT APPOINTMENT.

In an action for salary against the city of New York by a person claiming to have been appointed clerk of one of the villages subsequently included within the city of Greater New York, and alleging that he had been assigned to duty in the office of the city clerk, and there performed work in connection with the records of the village of which he had formerly been clerk, a separate defense alleging that, if plaintiff was appointed village clerk, it was at a salary much less than that for which he sued, and that the attempted fixing of salary at the amount for which suit was brought was void and a fraud upon the city, and that the officers fixing the salary did not act for the village, etc., was proper, as laying a foundation for proof that plaintiff's appointment was not made in good faith, and not subject to a motion to strike out on the ground that it was irrelevant because provable under the general denial.

Appeal from Special Term, Queens County.

Action by Edward Cooley, Jr., against the city of New York. From an order granting a motion to strike out the separate defenses set up in defendant's answer, defendant appeals. Modified.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

James McKeen, for appellant.
Joseph Fitch, for respondent.

HOOKER, J. In his complaint the plaintiff alleges that the defendant is a municipal corporation organized pursuant to chapter 378, p. 1, of the Laws of 1897 as amended, which took effect January 1, 1898; that prior to the latter date plaintiff was a regularly appointed clerk of one of the villages included within the Greater City of New York, at an annual salary of $1,200; that, pursuant to section 1536 of the Greater New York Charter (Laws 1897, p. 537, c. 378), he was on or about the 1st day of December, 1897, assigned to duty in the office of the city clerk of the city of New York; that he performed work in that office, in connection with the records of the village of which he formerly had been clerk, from January, 1898, to the 29th of March in the same year, and that on that account it was owing to him the sum of $293.67, and that a proper account, in writing, had been presented to the comptroller; that more than 30 days have elapsed since the presentation, and no part of the claim has been paid. The defendant denies all of the allegations in the complaint, except its own incorporation, and the presentation to and nonpayment by the comptroller of the plaintiff's claim. The defendant then alleges, as a first and separate defense, that the office of village clerk of the village mentioned in the complaint was on the 1st of January, 1898, pursuant to statute, abolished, and that the plaintiff was not assigned or transferred as therein alleged, and did not become an employé of the defendant in any way. This, clearly, may be proved under the general denial, and is not such matter of defense as, pursuant to section 500 of the Code of Civil Procedure, the defendant may incorporate in its answer. For a second and separate defense, the defendant alleges that plaintiff never reported for duty, or entered upon the discharge of the duties of the position mentioned in the complaint. It requires no reasoning to reach the conclusion that this is a mere denial of the performance·of work plaintiff alleged he did, and is sufficiently alleged in the general denial contained in the first paragraph of defendant's answer. For a third separate and partial defense, the defendant alleges that, if plaintiff was appointed village clerk, it was at the salary of $200 per annum, and that the attempted fixing of salary at $1,200 was null and void, and against public policy, and a fraud upon the city of New York, and that the officers fixing the salary at that amount neither intended to, nor did really, act for the village, but for the city of New York, for which they had no power to act. Plaintiff moved at Special Term to strike out the first and second separate defenses as redundant and irrelevant, and the third separate defense as redundant, irrelevant, and scandalous. The motion was granted, and defendant appeals to this court.

From what has been said, it follows that the order must be affirmed as far as it treats of the first and second defenses of defendant's answer. The respondent says in his brief: "The third separate defense states irrelevant matter. Anything which may be relevant as to the manner of plaintiff's appointment may be proved under the general denial." We think he has fallen into error. Although the language in defendant's third separate and partial defense is somewhat vague and indefinite, and may not be entirely free from the criticism that facts, rather than conclusions, should be alleged, we think it may be gathered that defendant is attempting to lay the foundation for proof upon the trial that the conduct of the officers of the village who appointed the plaintiff, together with his accepting the appointment at an advanced salary, was against public policy, because not prompted by good faith toward the greater city, and intended to embarrass and control the latter in relation to the salaries it should pay the plaintiff. Hendrickson v. City of New York, 160 N. Y. 144, 54 N. E. 680, was a case where the contract was made on the 17th day of December, 1897, between the town of Jamaica and the Jamaica Electric Light Company, regulating for 10 years the lighted territory that would on the 10th of January, 1898, become a part of the greater city; and the court held the contract to be void on account of the lack of good faith by the town, and because it was intended to embarrass and control the city of New York for a long period of time under its execution, and that the "legislative scheme, as contained in the Greater New York charter, discloses a public policy that was violated by the execution of this contract." Such conduct is thereby shown to be treated by the Court of Appeals as against public policy, and the third separate partial defense in the defendant's answer should have been allowed to remain therein, for the reason that the defendant would not have been permitted to give evidence tending to show that the contract was against public policy, and therefore illegal, without an allegation to that effect. Milbank v. Jones, 127 N. Y. 370, 28 N. E. 31, 24 Am. St. Rep. 454; Keans v. New York & College Point Ferry Co., 17 Misc. Rep. 272, 40 N. Y. Supp. 366; Honegger v. Wettstein, 94 N. Y. 252; Boyer v. Fenn, 19 Misc. Rep. 128, 43 N. Y. Supp. 533. These views lead to the conclusion that the matter contained in the third separate defense in the answer was not only not redundant and irrelevant, but quite necessary to be pleaded in order to admit proof of the facts.

The order should therefore be modified so as to provide for the striking out of the first and second separate defenses, only, and, as modified, affirmed, without costs. All concur.