### HAAS v. UNIVERSAL PHONOGRAPH & RECORD CO.

(Supreme Court, Appellate Term.   January 5, 1912.)

1. CORPORATIONS (§ 308*)—DIRECTORS—SALARY—CONTRACTS—VALIDITY.

A resolution by the directors of a corporation, which fixes a monthly salary of each director for services to be actually rendered, creates no enforceable contract with the corporation, because of the fiduciary relation existing between the corporation and the directors, so that the directors may not recover, under an express contract, for services performed.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1334–1349; Dec. Dig. § 308.*]

2. CORPORATIONS (§ 308*)—DIRECTORS—SALARY—OFFICERS—IMPLIED CONTRACT.

Where the directors of a corporation voted themselves a monthly salary for services to be performed, and the value of the services was not proved, but the services were accepted by the corporation, acting only through the directors, the directors could not recover on an implied contract.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1334–1349; Dec. Dig. § 308.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Charles Haas against the Universal Phonograph & Record Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

O'Gorman, Battle & Marshall (H. Snowden Marshall, of counsel), for appellant.

David C. Hirsch, for respondent.

LEHMAN, J. The plaintiff has recovered a judgment against the defendant corporation for salary voted to him by the directors of the corporation.. It appears that the plaintiff was vice president of the defendant corporation. It appears that on the 1st day of May the three directors of the corporation met and unanimously voted themselves a salary of $50 a month each "for services actually to be rendered to this company."

[1] It seems to me that a mere statement of these facts shows that the resolution created no enforceable contract with the defendant. "The relation of an officer of a corporation to it is fiduciary, and he must at all times act in good faith and unselfishly towards the corporation. The relation is such that an officer of a corporation cannot make an agreement with himself, acting on the one part individually and for his own benefit, and on the other part in his fiduciary capacity as an officer of the corporation." Jacobson v. Brooklyn Lumber Co., 184 N. Y. 152, at page 162, 76 N. E. 1075, at page 1078.

[2] The plaintiff relies for authority upon the cases of Keans v. New York & College Point Ferry Co., 17 Misc. Rep. 272, 40 N. Y. Supp. 366, and Bagley v. Carthage, W. & S. R. R. Co., 25 App. Div. 475, 49 N. Y. Supp. 718, affirmed 165 N. Y. 179, 58 N. E. 895. I fail to see, however, how these cases support the view that the plaintiff has any cause of action.

In the case of Bagley v. Carthage, W. & S. R. R. Co. the president of the corporation had rendered services to the corporation outside of the duties of his office. In this respect, and in no other respect, does that case resemble the one now under consideration. These services were rendered under an understanding with the directors, not reduced to a vote, that the president was to receive reasonable compensation. The president did not make the implied agreement with himself, but he represented himself only, and the other directors represented the company. There was no fraud in the proceedings, and the directors who made the implied contract had no personal interest in the contract, and honestly represented the interests of the corporation. The corporation, through its directors, having accepted the services of the officer outside of his official duties and impliedly agreed to pay their reasonable value, was held liable in that action. Here, however, the plaintiff sues upon an express promise, made solely by officers who attempted to contract with themselves. There is no proof of the value of the services, and they were apparently accepted by the corporation acting only through the same officers. The plain-

tiff cannot, therefore, recover either under an express or implied contract.

In the case of Keans v. New York & College Point Ferry Co., 17 Misc. Rep. 272, 40 N. Y. Supp. 366, a director claimed under a, resolution on which he had voted. The court held that, since the plaintiff's vote was unnecessary for the passage of the resolution, the resolution constituted an enforceable contract until the corporation pleaded and proved fraud. In the case before us, however, the corporation has both pleaded and proved that the contract was void, and the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.