Clarence H. Fay and Another, as Substituted Trustees under the Last Will and Testament of John Cromwell, Deceased, Plaintiffs, *v.* Anne F. Moehlenpah, Defendant.

Supreme Court, New York County, May 1, 1930.

914

*Fay, Rubin & Gallatin* [*William W. Pellet* and *Maxwell Rubin* of counsel], for the plaintiffs.

*Winfred C. Allen,* for the defendant.

LEVY, J.   This action is brought to recover commissions paid to the defendant in reliance upon her representation that she was acting as broker when the fact was that she herself was the principal.   The first defense alleges, *inter alia,* that it was the plaintiffs who requested and induced the defendant to become the purchaser.   If this allegation be true, the defendant would seem to have a good defense to the action.   The fact that the defense might be provable under a general denial does not necessarily require that it be stricken out *as insufficient* (*Staten Island M. R. R. Co.* v. *Hinchcliffe,* 170 N. Y. 473, 481; *Kraus* v. *Agnew,* 80 App. Div. 1, 3), whatever the plaintiffs' rights may have been upon a motion to strike out the defense as improperly interposed on grounds other than mere insufficiency.   (See *Cooley* v. *City of New York,* 85 App. Div. 107.)

The second defense appears to be insufficient.   The deficiency judgment in favor of these plaintiffs in the foreclosure action is no bar to the maintenance of the present suit.   Although the counterclaim may scarcely be regarded as a model pleading, it seems to me that it does state a good cause of action in fraud and deceit.   It alleges that the plaintiffs made various representations and promises without any intention of performing them, for the purpose of defrauding the defendant, and that the latter relied on the misrepresentations to her damage.   As Mr. Justice DOWLING, now presiding justice, well said in *Gabriel* v. *Graham* (168 App. Div. 847, at p. 849): " ' The existence or non-existence of an

intention in the mind of a man at a given moment is as much a fact as the existence or non-existence of any other thing.' "

With regard to that phase of the motion which seeks to strike out the defenses and the counterclaim as *res adjudicata*, it need only be observed that it is extremely difficult on the papers before me to determine which, if any, of the numerous issues raised may be said to have been decided adversely to the defendant in the foreclosure action. I am inclined to the view that at least some of the issues are not included in the estoppel of the former judgment, but it may be that upon a fuller and clearer presentation of the facts, the plaintiffs will be able to establish the contrary. The plaintiffs will, therefore, be furnished leave to litigate their claim of *res adjudicata* at the trial.

As to the contention that the amended answer is sham and frivolous, suffice it to state that I cannot agree. The motion is, therefore, granted to the extent of striking out the second defense, and otherwise denied, with leave to plaintiffs to plead the facts alleged to constitute a prior adjudication in their reply to the amended answer. (Rules Civ. Prac. rules 108, 110.)