ELMER G. BUTTS, as Supervisor of the Town of Sodus, Wayne County, New York, Plaintiff, *v.* GAYLORD STATE BANK, in Liquidation, and Others, Defendants:

Supreme Court, Wayne County, May 13, 1935.

*Henry O. Button* [*Earl F. Case* of counsel], for the plaintiff.

*Charles P. Williams,* for the defendants.

CUNNINGHAM, J.  This action is brought to recover the amount of moneys on deposit with the Gaylord State Bank to the credit of plaintiff, as supervisor of the town of Sodus, at the time of the closing of the bank.  The bank was closed by the Superintendent of Banks on April 8, 1933, and has since been in liquidation in charge of such Superintendent.

In January, 1932, an agreement was entered into between plaintiff, as supervisor of the town of Sodus, and the Gaylord State Bank, in

which the plaintiff agreed to deposit town moneys in the bank and the bank agreed to keep on deposit with the trustee securities equal to fifty per cent of the amount of moneys which the supervisor might have on deposit in the bank at any one time. It was further provided that if the bank should fail to honor any order or draft of the supervisor or should suspend business for more than two consecutive business days, the securities so deposited should be delivered by the trustee to the supervisor and that the supervisor thereupon should have the right to immediately sell the securities at the prevailing market price. Town funds were deposited with the bank under this agreement. The supervisor, however, kept the highway fund in the First National Bank of Sodus, which was closed on January 12, 1933.

Irving C. Beal was cashier of the Gaylord State Bank and conducted its affairs. On January 13 or 14, 1933, he and the plaintiff had a talk with reference to the deposit of the highway fund in the Gaylord State Bank. The supervisor and Mr. Beal agreed that if the highway fund were deposited in the Gaylord Bank, security would be given in the form of United States government bonds in the amount of $10,000; that such bonds should be deposited with the State Bank of Williamson as trustee, and that the terms of the written agreement of 1932 should govern with respect to the deposit of the fund and the security therefor. Mr. Butts then stated that he would start to deposit the highway fund in the Gaylord Bank, and the first deposit was made on January 17, 1933. Mr. Beal thereafter brought this matter to the attention of the board of directors of the bank at a regular meeting thereof, and the whole subject was thoroughly discussed at that time and as a result thereof Mr. Beal was authorized, with the assent of all of the directors, to purchase the bonds and to carry out the agreement as made between him and the supervisor.

Such action taken by the board of directors was not recorded upon the minutes and undoubtedly was omitted because a formal resolution was not presented to the board for action. The testimony of the directors satisfies me that the board of directors authorized Mr. Beal to purchase government bonds to be used as security for the deposit by plaintiff of highway funds.

It is apparent from the evidence that this matter was taken up at a regular monthly meeting of the board of directors, held on the 9th day of February, 1933, at which all of the five directors were present.

In the middle of February plaintiff and Mr. Beal had a talk in which the plaintiff was informed by Mr. Beal that the board of directors had authorized him to purchase the $10,000 bonds and to

carry out the agreement for the deposit and security of the highway fund, and that he would purchase the government bonds as soon as possible.

The bank purchased the bonds on February 27, 1933, and when they were received at the bank, Mr. Beal placed them in an envelope marked with the name of " Elmer G. Butts " and placed them in the safe. Mr. Beal informed the plaintiff that the bonds had been purchased and that he was ready to turn them over to the trustee.

The defendant claims that it has not been proved that the directors of the bank authorized the purchase and delivery of the securities.

The question as to whether action of a board of directors may be proved by parol when a record thereof does not appear upon the minutes has caused much study and research on the part of the judges of the courts passing thereon.

This subject was considered in the United States Supreme Court in the year 1827. Justice STORY delivered the opinion of the court, and after a thorough discussion of the authorities, held that under such circumstances parol evidence might be given to prove that the board of directors did act. Chief Justice MARSHALL, in an equally exhaustive opinion, dissented. (*Bank of United States* v. *Dandridge*, 12 Wheat. 64.)

The same question came before our Court of Appeals in 1853, when the court was composed of a chief judge, three associate judges, and four justices of the Supreme Court, as *ex officio* members of the Court of Appeals. An opinion was written holding that action of a board of directors might be proved by parol when there was no record of it on the minutes. The lower court had admitted the evidence so this opinion was in favor of affirmance of the judgment appealed from. The court divided equally four and four and, therefore, by force of statute, the judgment became affirmed and this opinion was reported as the opinion of the court. (*Moss* v. *Averell*, 10 N. Y. 449.)

The liberal view in favor of the admission of such evidence has been generally followed. (*Bagley* v. *Carthage, W. & S. H. R. R. Co.*, 165 N. Y. 179; *Outterson* v. *Fonda Lake Paper Co.*, 20 N. Y. Supp. 980, 983; *Handley* v. *Stutz*, 139 U. S. 417, 422.)

If action be taken when the board of directors is acting as a body, a formal resolution is not necessary. (*Young* v. *U. S. Mtg. & Tr. Co.*, 214 N. Y. 279, 285; *Bagley* v. *Carthage, W. & S. H. R. R. Co., supra; Outterson* v. *Fonda Lake Paper Co., supra.*)

The plaintiff left the highway fund in the custody of the bank in reliance upon the agreement to give security therefor and upon the purchase by the bank of the bonds under such agreement. He was

satisfied that the bonds had been purchased and that the bank was holding them for him.

After the purchase of the bonds, the bank set them apart in the name of the plaintiff and this was a sufficient delivery to carry the contract into effect.

Under the circumstances, the defendant is estopped from claiming that the bank did not have authority to give security for the funds deposited with it by plaintiff. (*State Bank of Commerce* v. *Stone,* 261 N. Y. 175.)

At the time the Gaylord Bank closed, the plaintiff had on deposit there the following sums:

| | |
|---|---:|
| General account | $23,592 20 |
| Highway account | 12,698 95 |
| Coupon account | 247 50 |
| | $36,538 65 |

The collateral given under the agreement of 1932 was turned over to plaintiff and sold by him, and he realized therefrom the sum of $12,046.81. On May 18, 1934, the liquidator paid to creditors a fifty per cent dividend and the plaintiff received thereunder the sum of $18,269.32. There is thus a balance due him of $6,222.52, irrespective of interest.

There is a dispute as to whether any interest should be allowed. In the distribution of the assets of the bank, creditors will not be allowed interest. (*People* v. *American Loan & Trust Co.,* 172 N. Y. 371.)

The collateral given as security for deposits made by plaintiff was not an asset of the bank but belonged to plaintiff, and plaintiff was entitled to interest on the value thereof if it were retained by defendant after demand. (*Matter of People* [*Norske Lloyd Ins. Co.*], 249 N. Y. 139; *Matter of People* [*First Russian Ins. Co.*], 253 id. 365.)

The government bonds given as collateral for the highway fund deposits were duly demanded of defendant on July 5, 1933, and the defendant refused to turn them over to the plaintiff. The bonds were sold by the defendant for the sum of $9,951.67 and plaintiff is entitled to interest on that sum from the date of demand to the date of the payment of the dividend, and on the balance of $6,222.52 from the date of the dividend (May 18, 1934) to date.

At the time of the payment of the dividend in 1934 a stipulation was entered into between the parties hereto in which it was provided that payment of the dividend to plaintiff should not affect the rights of the parties, except that upon the trial the amount so received by plaintiff should be taken into consideration and credited on the amount of money found due to plaintiff.

The plaintiff is entitled to recover the sum of $6,222.52, with interest as above provided, and to preference and priority of payment thereof, and the defendants Joseph A. Broderick, as Superintendent of Banks of the State of New York, and Arthur D. Rooney, Jr., as Special Deputy Superintendent of Banks and liquidating officer in charge of Gaylord State Bank, are directed to pay the same to plaintiff.

Judgment may be entered in accordance herewith, with costs.