*66 OPINION OF THE COURT
Per Curiam.
Judgment, entered February 8, 2002, affirmed, with $25 costs.
In 1987, while serving as a member of the board of directors of the defendant cooperative apartment corporation, the plaintiff attorney and several other board members attended a bankruptcy auction of commercial restaurant space in defendant’s building. Plaintiff submitted a winning bid on defendant’s behalf, and then procured a prospective tenant for the commercial premises. The $91,000 real estate commission was paid by defendant to Hampton Management Company, the building’s managing agent, in accordance with the governing management agreement. When plaintiff objected, Hampton agreed to share the commission equally with her. Plaintiff brought this suit to recover the 50% commission retained by Hampton, as well as legal fees for her services in connection with submitting the winning bid and procuring the new tenant. At the initial jury trial held in 1993, the court (Margaret Taylor, J.), sua sponte, dismissed plaintiffs brokerage claim based upon an unpleaded defense of accord and satisfaction purportedly stemming from plaintiffs acceptance of Hampton’s offer of half of the commission. On a prior appeal, this court, by order entered December 6, 1995, reversed the dismissal order, reinstated the complaint, and directed a new trial, framing the relevant issues as whether “the services rendered by plaintiff in connection with the purchase and re-renting of the commercial space were dehors her duties as a director and whether the services were assented to or ratified by defendant’s directorate.” (Strax v Murray Hill Mews Owners Corp., NYLJ, Dec. 8, 1995, at 30, cols 4, 5.)
Following a five-day bench trial upon remittitur, the court resolved each of the framed issues in defendant’s favor and dismissed the complaint. In a thoughtful written decision the court, pointing to, among other factors, the plaintiff’s own acknowledgment on cross-examination that at least some of her actions in connection with the brokerage deal were taken at her “own risk” in the “hope of acting as a broker,” expressly found that any brokerage services or legal work undertaken by plaintiff were rendered “in her capacity as a director and volunteer ... in accordance with her fiduciary duties toward the board and cooperative.” The court found further that “[a]t no time did the [defendant’s] board of directors assent or ratify any decision by [the board president] to approve a commission,” *67 citing, inter alia, the absence of any board minutes or other credible showing of concerted board action on the matter. Underlying the trial court’s factual findings was its explicit assessment of plaintiff as a witness who was not “particularly credible or forthright” and its conclusion, based in part on plaintiffs “demeanor,” that her “current trial testimony [appeared] calculated to meet the demands” of this court’s decision on the prior appeal.
Given the divergent accounts offered by the parties as to what transpired at the relevant meetings of defendant’s board of directors, the court’s favorable evaluation of the credibility of the testimony offered on the issue by defendant’s witness, Maidenbaum (a board member), and its stated skepticism over how plaintiffs recollection of the meetings had become “clearer” during the retrial commenced in December 2000 than it was at her 1990 deposition when she could not recall “anything that was said about [her] commission” at the meetings, it does not avail plaintiff that any individual board members may have known of plaintiffs “hope” to receive a brokerage commission at the time that the underlying lease transaction was consummated. Inasmuch as the trial court explicitly and appropriately rejected plaintiff’s newly-formed remembrance of the 1987 board meetings, there is no record support for a finding that plaintiffs participation in the lease transaction was bargained for or ratified by defendant, and not as the trial court reasonably found, gratuitously rendered by plaintiff in furtherance of her fiduciary duties as a director. To the extent that plaintiff argues that the court’s resolution of this issue was against the weight of the evidence, the argument lacks merit since it cannot be said that the evidence bearing on the issue so preponderated in favor of plaintiff that the verdict could not be reached on any fair interpretation of the evidence (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]).
The trial court’s detailed findings that plaintiff acted as a volunteer in her capacity as a director and without valid authorization to serve as an independent broker or retained counsel, are amply supported by the voluminous record evidence and, based largely upon matters of credibility, are not lightly cast aside on appeal (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]). “It is the general rule that a director, assuming office as such without any agreement as to compensation, is presumed to render his official services gratuitously” (Bagley v Carthage, Watertown & Sackets Harbor R.R. Co., 165 NY 179, 182 [1900]), *68 and. no basis is shown on this cold record to disturb the trial court’s fact and credibility-laden determination that plaintiff failed to overcome that presumption at the full and fair (re)trial of this long-pending litigation.
Cases such as American Sun Co. v Philippine Natl. Bank (245 NY 116 [1927], cert denied 275 US 549 [1927]), relied upon by defendant, and New York Trust Co. v American Realty Co. (244 NY 209 [1926]), relied upon by the dissent, are inapposite, since they involved the authority of corporate officers or directors to enter into contractual agreements with unrelated third parties, and not, as here involved, the authority of a board member, inter se, to bind the corporation that she serves to a purported commission agreement not shown to have been assented to by the corporation’s directorate. Neither of the cited cases required defendant to “rescind or repudiate” (dissenting op at 71) the third-party lease transaction in order to avoid liability for the brokerage services that were shown and found at trial to have been rendered by plaintiff directly to defendant on a voluntary basis.